NOT FOR PUBLICATION											CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In the Matter of: | |
| | Civ. Case No. 07-3795 (SRC) |
| JERSEY INTEGRATED HEALTH-PRACTICE, INC., a New Jersey Corporation, and PAVONIA MEDICAL ASSOCIATES, a New Jersey Corporation, | **OPINION & ORDER** |
| Debtors. | |

**CHESLER, U.S. District Court Judge**

    **THIS MATTER** comes before the Court on Appellant 600 Pavonia Avenue Urban Renewal Associates' ("Landlord") appeal from orders entered by the United States Bankruptcy Court on March 30, 2007 (docket #1) and June 12, 2007 (docket #2; docket #4 at 4) and on Appellees Jersey Integrated HealthPractice, Inc., and Pavonia Medical Associates' ("Debtors") motion to dismiss that portion of the appeal addressing the March 30 order (docket #7).  The Court has considered the papers submitted by the parties, including the Landlord's notice of appeal with the order appealed from (docket #1), the Landlord's brief and appendix (docket #4), and the Debtor's brief, appendix, and motion to dismiss the appeal (docket #7).  The Court notes that the Landlord did not submit a response in opposition to the Debtor's motion to dismiss the appeal, despite being given additional time to do so by this Court (docket #8).  For the reasons set forth below, the orders of the Bankruptcy Court will be **AFFIRMED**.

## I.  PROCEDURAL HISTORY

The Bankruptcy Court issued the substantive order that is the subject of this appeal on March 30, 2007 (docket #1; docket #4-4 at 72-73).  In its March 30 order, the Bankruptcy Court set the "cure amount" due from the Debtor under its commercial lease with the Landlord at $0.  On April 10, 2007, the Landlord filed a motion for reconsideration, accompanied by its attorney's certification and an exhibit – correspondence from 2002 it had not previously produced (docket #4-4 at 74-79(c); Bankruptcy docket #353).

After reviewing the pleadings of both parties, the Bankruptcy Court analyzed the Landlord's motion for reconsideration under the standards of both FED. R. CIV. P. 59 (applicable to bankruptcy proceedings pursuant to FED. R. BANKR. P. 9023) and under FED. R. CIV. P. 60 (applicable to bankruptcy proceedings pursuant to FED. R. BANKR. P. 9024).  The Bankruptcy Court determined that the Landlord's motion was untimely under Rule 59, as the Landlord's April 10 motion for reconsideration was filed more than ten calendar days after the Bankruptcy Court's March 30 order was issued.  As the Bankruptcy Court correctly observed, it is well-settled that the ten day period for filing Rule 59 motions for reconsideration is jurisdictional and cannot be extended by the court.  *De La Fuente v. Central Elec. Coop., Inc.*, 703 F.2d 63, 65 (3d Cir. 1983).  Additionally, Saturdays, Sundays, and legal holidays are included in the computation of time under the Bankruptcy Rules unless the period of time prescribed by those Rules is less than eight days.  FED. R. BANKR. P. 9006.

Next, the Bankruptcy Court analyzed the Landlord's motion as a request for relief from judgment under FED. R. CIV. P. 60(b).  Unlike a motion for reconsideration under Rule 59, relief from judgment can be afforded under Rule 60(b) even if the 60(b) motion is filed more than ten

days after entry of the challenged order. The Bankruptcy Court examined whether the Landlord was entitled to relief under Rule 60(b)(1), (2), or (6). (Motions under subsections (1) and (2) must be brought within one year after the challenged order is entered and motions under subsection (6) must be brought within a "reasonable time.") The Bankruptcy Court denied the Landlord's Rule 60(b) motion as well. It found, *inter alia*, that the Landlord had "always" been in possession of a piece of 2002 correspondence that it now claimed was "newly discovered evidence" and that it had "purposefully withheld" that correspondence for at least two months prior to the time the Bankruptcy Court issued its opinion on March 20, 2007. The Bankruptcy Court's letter opinion denying the Landlord's motion for reconsideration under Rules 59 and motion for relief from judgment under Rule 60(b) was filed on June 12, 2007 (docket #4-4, 97-100).

The Landlord filed its notice of appeal with the Bankruptcy Court on June 21, 2007 (docket #1).[1] The Landlord designated only the March 30 order as the order being appealed in its notice of appeal (docket #1). It did, however, identify the Bankruptcy Court's June 12 denial of its Rule 60(b) motion as one of the issues on appeal in its later-filed designation of the issues on appeal (docket #2) and in its appellate brief (docket #4 at 4). The Landlord also seeks review of the Bankruptcy Court's determination that the "cure amount" for the commercial lease was $0 due to an agreement between the parties and for the Bankruptcy Court's alleged denial of the Landlord's request for discovery regarding the purported settlement (docket #2; docket #4 at 4).

---

[1] The Court notes that the face of the Landlord's one-page Notice of Appeal is dated both June 12, 2007 and June 13, 2007. The Bankruptcy Court's docket demonstrates that the Notice of Appeal was actually filed on June 21, 2007 (Bankruptcy docket # 361).

## II. STANDARD OF REVIEW

The proper standard of review to be applied by a district court when reviewing a ruling of a bankruptcy court is determined by the nature of the issues presented on appeal. Legal conclusions of the bankruptcy court are subject to *de novo* or plenary review by the district court. *Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997); *Chemetron Corp. v. Jones*, 72 F.3d 341, 345 (3d Cir. 1995).

Factual determination, in contrast, are not to be set aside unless the bankruptcy court committed clear error. FED. R. BANKR. P. 8013; *Chemetron Corp.*, 72 F.3d at 345. The fact that the reviewing court could have decided a matter differently does not render a finding of fact clearly erroneous. *In re Halvajian,* 216 B.R. 502, 508 (Bankr. D.N.J. 1998).

The district court may reverse a bankruptcy court's decision to grant or deny a Rule 60(b) motion only if the bankruptcy court abused its discretion. *In re Subramanian, et al.,* 2006 WL 1645018, *4 (D.N.J. 2006), citing *Page v. Schweiker*, 786 F.2d 150, 152 (3d Cir. 1986). Likewise, other matters committed to the bankruptcy court's discretion are reviewed for abuse of that discretion. *In re Halvajian,* 216 B.R. at 508.

## III. DISCUSSION

The issues on appeal before this Court are very narrow. First, this Court must determine whether the Landlord's appeal of the Bankruptcy Court's March 30 order is timely. Second, this Court must determine whether the Landlord appealed the Bankruptcy Court's June 12 denial of his Rule 60(b) motion and if so, whether the Bankruptcy Court abused its discretion in denying the Rule 60(b) motion. For reasons explained below, this Court need not substantively address

the Landlord's arguments regarding whether the Bankruptcy Court erred in setting the "cure amount" at $0 and in allegedly denying the Landlord's request for additional discovery on that issue.

      A.      **Appeal of the March 30, 2007 Order**

It is uncontroverted that the Bankruptcy Court issued its opinion and order requiring no "cure amount" to be paid to the Landlord on March 30, 2007. It is also uncontroverted that the Landlord filed its notice of appeal sometime in June 2007. FED. R. BANKR. P. 8002(a) requires that the appellant must file its notice of appeal in bankruptcy proceedings within ten days of the date of entry of the order appealed from. Clearly, any date in June (whether June 12, 13, or 21) is more than ten days after March 30.

The salient question before this Court, then, is whether the Landlord's motion for reconsideration stayed the running of the time to appeal and if so, whether the appeal was timely under the extended deadline. FED. R. BANKR. P. 8002(b) addresses the affect of various motions on a party's time to appeal in a bankruptcy proceeding. First, with respect to Rule 59 motions, the Bankruptcy Rules provide that – if the Rule 59 motion was timely filed – the time to appeal runs from the entry of the order disposing of this motion. FED. R. BANKR. P. 8002(b)(2) and (3). In this case, however, it is uncontroverted that the Landlord's motion for reconsideration was filed on April 10 – more than ten days after the March 30 order it challenged. As noted above, the requirement that a party file its Rule 59 motions within ten days is jurisdictional and cannot be extended by the court. *De La Fuente v. Central Elec. Coop., Inc.*, 703 F.2d 63, 65 (3d Cir. 1983). Thus, because the Landlord's Rule 59 motion was itself untimely, it cannot serve as the

5

basis to extend the running of the appeal time from the date the Bankruptcy Court issued its order denying the Rule 59 motion as untimely.

Attention is next turned to the Landlord's Rule 60(b) motion. This motion was not untimely, as the Landlord had anywhere from one year from entry of the order it challenged up to any "reasonable time" to bring the Rule 60(b) motion, depending upon what subsection it was proceeding under. The Bankruptcy Rules, however, provide that Rule 60(b) motions will only extend the time for appeal if the Rule 60(b) motion is filed no later than ten days after entry of the judgment challenged. FED. R. BANKR. P. 8002(b)(4). *See In re Cochener*, 2005 WL 1571211, *5 (S.D. Tex. 2005) (noting that Rule 60 motions must be filed within ten days of the entry of the judgment in order to stay the period for filing the notice of appeal). The Bankruptcy Rule mirrors FED. R. APP. P. 4(a)(4)(A)(vi) and the Rules make sense because otherwise, appellants could extend their time limits to file appeals indefinitely merely by filing Rule 60(b) motions within "one year" or within a "reasonable time" of entry of the challenged judgment, depending which subsection of Rule 60(b) they relied upon.

For the above and foregoing reasons, this Court finds that the Landlord's June 2007 appeal of the Bankruptcy Court's March 30, 2007 order is untimely. Nor can the appeal be rendered timely by the Landlord's motion for reconsideration or Rule 60(b) motion for relief from judgment because that motion was filed more than ten days after the order it challenges. Moreover, the Court notes that although the Landlord could have made a request to extend its time to file a notice of appeal under FED. R. BANKR. P. 8002(c), it failed to do so. At this juncture, such a request could not be entertained. "[O]nce it is determined that the notice of appeal is untimely, a district court is without jurisdiction to address a request for the extension of

time or the issue of 'excusable neglect.'" *In re Rubenstein*, 101 B.R. 423, 425 (Bankr. D.N.J. 1989). Therefore, the Bankruptcy Court's March 30, 2007 order must be **AFFIRMED**.

### B. Appeal of the June 12, 2007 Letter Opinion

As noted above, the Bankruptcy Court issued its letter opinion denying the Landlord's motion for relief from judgment under Rule 60(b) on June 12, 2007. The Court will assume, *arguendo*, that the Landlord properly appealed from the Bankruptcy Court's June 12, 2007 letter opinion. The Landlord's appeal – filed on June 21, 2007 at the latest – is timely, as June 21 is only nine days from the date the letter opinion was issued. FED. R. BANKR. P. 8002(a).

The denial of a Rule 60(b) motion is an appealable order. *See, e.g., Browder v. Director of Dep't of Corrections*, 434 U.S. 257, 263 n.7 (1978). The scope of the appeal, however, does not include review of the underlying judgment. *Id.* The question before this Court, therefore, is whether the Bankruptcy Court abused its discretion in denying the Landlord's motion for reconsideration under Rule 60(b)(1), (2), or (6).

Judicial discretion is abused only when the court acts in an arbitrary, fanciful or unreasonable manner or where it uses improper legal standards, criteria or procedures. *Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 167 (3d Cir. 2001). In other words, the Bankruptcy Court abused its discretion only if no reasonable person could take the view it adopted. *Id.* If reasonable minds could differ, then it cannot be said that the Bankruptcy court abused its discretion. *Id.* This Court finds that the Bankruptcy Court did not abuse its discretion.

The Bankruptcy Court did not abuse its discretion in denying the Landlord's motion under Rule 60(b)(1), which affords relief from an order based upon "mistake, inadvertence,

7

surprise, or excusable neglect." The Landlord's purposeful decision to withhold production of correspondence to the Bankruptcy Court that it now claims is instrumental does not fall under any (b)(1) subcategory. Furthermore, the Third Circuit recognizes that Rule 60(b) cannot be used as a substitute for appeal. *E.g., United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2005). Thus, the Bankruptcy Court's determination that the Landlord's reliance on Rule 60(b)(1) was misplaced because the Landlord failed to timely appeal the March 30 order and a timely appeal was necessary to obtain relief under subsection (b)(1) does not constitute an abuse of discretion, as it appears to be an accurate statement of the law in this jurisdiction. *See, e.g., James v. V.I. Water & Power Auth.*, 119 Fed. Appx. 397, 401 (3d Cir. 2005).

Nor did the Bankruptcy Court abuse its discretion in denying the Rule 60(b)(2) motion, which addresses newly-discovered evidence. As the Bankruptcy Court correctly observed, the Landlord admitted it was always in possession of the 2002 letter and purposefully withheld it for at least two months before the Court issued its March 30 opinion. It was not an abuse of discretion for the Bankruptcy Court to reject the Landlord's argument that the 2002 letter constituted newly-discovered evidence. *See Compass Tech., Inc. V. Tseng Labs, Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995) (outlining elements of newly discovered evidence under Rule 60(b)(2)).

The Bankruptcy Court did not abuse its discretion in denying the Rule 60(b)(6) motion either. Its determination that the Landlord failed to present any "exceptional circumstances" warranting the "extraordinary relief" afforded under Rule 60(b)(6) was not unreasonable, arbitrary or fanciful. Additionally, this Court rejects any intimation that the conduct of the Landlord's counsel constitutes "any other reason justifying relief from the operation of the

judgment." FED. R. CIV. P. 60(b)(6). Although the Landlord's counsel's decision to withhold evidence that is arguably relevant to this issue may have been ill-advised, it cannot be said that such conduct rises to a level of "egregious conduct" that left the Landlord unrepresented, as would be necessary to warrant relief under Rule 60(b)(6) due to the conduct of counsel. *See, e.g., Boughener v. Secretary of Health, Education and Welfare,* 572 F.2d 976, 978-79 (3d Cir. 1978) (finding that relief was warranted under Rule 60(b)(6) where attorney failed to respond to over fifty summary judgment motions, thereby abandoning his clients).

Finally, because the scope of review on appeal of a Rule 60(b) motion encompasses only denial of the motion (and does not encompass review of the underlying judgment itself), the Landlord's issues on appeal concerning the propriety of the Bankruptcy Court's March 30 order concerning the "cure amount" and request for discovery cannot be addressed in conjunction with the Rule 60(b) appeal either. Accordingly, the Bankruptcy Court's June 12, 2007 opinion denying the Landlord's Rule 60(b) motion must be **AFFIRMED**.

## IV. CONCLUSION

For the reasons set forth above, the March 30, 2007 and June 12, 2007 Orders of the Bankruptcy Court are **AFFIRMED**.

**THEREFORE IT IS** on this 29th day of January 2008:

**ORDERED** that the Bankruptcy Court's March 30, 2007 Order is AFFIRMED; and it is further

**ORDERED** that the Bankruptcy Court's June 12, 2007 Letter Opinion is AFFIRMED; and it is further

**ORDERED** that this District Court matter is CLOSED.

s/ Stanley R. Chesler\
STANLEY R. CHESLER\
U.S. District Court Judge
